# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN C. MILLS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11893** |
| **BO-MAC CONTRACTS, LTD.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 5). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff Brian Mills brought this action in the Civil District Court for the Parish of Orleans against his employer, Defendant Bo-Mac Contractors, Ltd., for injuries he sustained while working aboard its vessel. Plaintiff's state court petition asserted claims for Jones Act negligence, unseaworthiness, and maintenance and cure. Defendant removed the action to this Court on the basis of diversity jurisdiction, arguing that Plaintiff's Jones Act claim was fraudulently plead. Plaintiff now moves for remand.

1

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts generally consider "the claims in the state court petition as they existed at the time of removal."[3]

## LAW AND ANALYSIS

Plaintiff filed this action in state court asserting claims for Jones Act negligence, unseaworthiness, and maintenance and cure. Defendant removed the action to this Court on the basis of diversity jurisdiction.[4] In light of the savings to suitors clause, however, Jones Act cases are not removable, even on the basis of diversity.[5] That said, the Fifth Circuit "has recognized that in

---

[1] 28 U.S.C. § 1441.
[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[3] *Manguno*, 276 F.3d at 723.
[4] The Court notes that Defendant failed to properly allege diversity of citizenship in its notice of removal. Defendant alleged that it is a limited partnership and that its partners are a Delaware limited liability company and a Texas corporation. It failed, however, to allege the members of the limited liability company. For purposes of diversity jurisdiction, the "citizenship of a LLC is determined by the citizenship of all of its members." Harvey v. Grey Wold Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). Accordingly, the party invoking federal jurisdiction "must list the citizenship of each member of each limited liability company to properly allege diversity of citizenship." Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc., No. 07–3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted). The Court need not address this issue, however, because removal was improper in light of Plaintiff's Jones Act claim.
[5] Eddy v. Inland Bay Drilling & Workover, Inc., 784 F. Supp. 370, 373 (S.D. Tex. 1992); see Lackey v. Atl. Richfield Co., 990 F.2d 202, 207 (5th Cir. 1993).

certain circumstances defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal."[6] Accordingly, Defendant may remove this action only if it can show that Plaintiff's Jones Act claim is "baseless in law and in fact" and serves only "to frustrate federal jurisdiction."[7] Defendant's "burden of persuasion is a heavy one."[8] "The district court must resolve disputed questions of fact from the pleadings and affidavits in favor of the plaintiff. The removing party must show that there is no possibility that plaintiff would be able to establish a cause of action."[9]

Defendant contends that Plaintiff cannot establish that he is a Jones Act seaman, and there is, therefore, no possibility that he can succeed on his claim under the Jones Act. The Jones Act does not provide a definition of a "seaman."[10] However, the Supreme Court has promulgated two requirements for an employee to achieve seaman status.[11] First, "an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission."[12] Second, "a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature."[13] As a general rule of thumb, "[a] worker who

---

[6] Burchett v. Cargill, Inc., 48 F.3d 173, 175–76 (5th Cir. 1995).
[7] *Lackey*, 990 F.2d at 207.
[8] *Id.*
[9] *Id.*
[10] Chandris, Inc. v. Latsis, 515 U.S. 347, 355 (1995).
[11] *Id.* at 368.
[12] *Id.*
[13] *Id.*

spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act."[14]

Plaintiff's sworn declaration asserts that he worked for Defendant as a welder/pile-driver beginning in March 2017 and was permanently assigned to two of its vessels: first, the MIKE H and then the EMILY. The EMILY and the MIKE H are crane barges used to transport materials along inland waterways. Plaintiff was aboard the EMILY on August 2, 2018 when he was injured by the EMILY's crane. Plaintiff contends that his daily activities aboard the EMILY included stabilizing and securing the barge for heavy lift operations, securing the barge using ropes or cables, assisting the tug captain with navigation via radio communication while positioned on the crane barge, performing deck hand duties, and cleaning the barge's living area. He states that he was also given the responsibility of operating the control systems on the EMILY and would control the EMILY's spuds and cables in order to turn the crane barge into the position necessary to make crane lifts. Plaintiff states that he boarded the crane barge either by gangway or crew boat to begin work each morning. He also states that he often drove the crew boat back and forth to the crane barge.

The facts set forth in Plaintiff's declaration are starkly contrasted by the sworn facts provided by Defendant's area manager, Dustin Talley. Talley contends that Plaintiff was not assigned to any vessel and that the majority of his job duties were performed on docks or other land-based sites. He states that Plaintiff only boarded the EMILY for purposes related to his rigging or welding

---

[14] *Id.*

work on shore and that he spent less than 30% of his work time aboard the EMILY.

The facts set forth by Plaintiff easily suggest that he is a seaman, and Defendant does nothing but offer contradictory facts. This Court must resolve the parties' factual disputes in favor of Plaintiff.[15] Therefore, Defendant cannot show that there is no possibility that Plaintiff would be able to establish that he is a seaman. Accordingly, Plaintiff's Jones Act claim cannot be removed to this Court, and remand is proper.

## **CONCLUSION**

For the foregoing reasons, the Motion is GRANTED, and this matter is REMANDED to the Civil District Court for the Parish of Orleans

New Orleans, Louisiana this 18th day of December, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Lackey*, 990 F.2d at 207.